## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

DESTINY DOMINIQUE WILSON,

    Plaintiff,

-vs-

CASE NO.

EQUIFAX INFORMATION
SERVICES LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
TRANS UNION LLC, and
SANTANDER CONSUMER USA
INC. d/b/a CHRYSLER CAPITAL,

    Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, DESTINY DOMINIQUE WILSON (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), TRANS UNION LLC (hereinafter "Trans Union"), and SANTANDER CONSUMER USA INC. d/b/a CHRYSLER CAPITAL (hereinafter "Chrysler Capital") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

1

## PRELIMINARY STATEMENT

1.      This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer, like Plaintiff, disputes information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

6.     The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Equifax's principal address is in this District, Defendants transact business within this District, and a substantial portion of the violations described in this Complaint occurred in this District.

9.     Plaintiff is a natural person and resident of Auburn County in the State of Alabama. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is headquartered at 1550 Peachtree Street, N.W., Atlanta, Georgia, 30309.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Equifax is regularly engaged in the business

of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S Culver St, Lawrenceville, Georgia 30046.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

17.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.     Chrysler Capital is a corporation with its principal place of business in the State of Texas and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S Culver St, Lawrenceville, Georgia 30046.

20.     Chrysler Capital is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

21.     Chrysler Capital furnished information about Plaintiff to the CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

22.     Plaintiff is alleged to owe a debt to Chrysler Capital as to an auto loan, account number ending in x1000 (hereinafter "Chrysler Capital Account"). Plaintiff never applied or gave permission to anyone to apply using her information for the Chrysler Capital Account.

23.    In or about July 2023, learned that she was a victim of identity theft. Shortly thereafter, Plaintiff disputed the Chrysler Capital Account and advised the customer service representative for Chrysler Capital that she was not present during the purchase of the vehicle, and stated the account was fraudulent.

24.    Plaintiff obtained a copy of the Retail Installment Sale Contract and observed that although the contract was in her name, the address did not belong to her and the signature at the bottom of the Contract was a forgery.

25.    On or about October 1, 2023, Plaintiff filed a police report with the Tallahassee Police Department regarding the identity theft and fraudulent Chrysler Capital Account.

26.    On or about October 3, 2023, Plaintiff completed and returned to Chrysler Capital an Identity Theft Victim Report.

27.    On or about November 9, 2023, Plaintiff obtained copies of her credit reports from Equifax, Experian, and Trans Union. Upon review, Plaintiff observed personal identifying information, including but not limited to name, address, phone number, Social Security number, spouse, and hard inquiries that did not belong to her. Further, the Chrysler Capital Account was being reported with a status of "charge off" and a past due balance of $35,071. Such reporting of the Chrysler Capital Account negatively impacted Plaintiff's credit.

28.    Due to the inaccurate reporting, on or about November 20, 2023, Plaintiff mailed a detailed written dispute letter to Equifax, Experian, and Trans Union disputing the fraudulent Chrysler Capital Account. In that letter, Plaintiff explained that the CRAs were reporting personal identifying information and hard inquiries which did not belong to her. Further, Plaintiff explained the Chrysler Capital Account did not belong to her and was most likely the result of identity theft. In the letter, Plaintiff included a copy of her driver's license to confirm her identity. Plaintiff also included images of the erroneous reporting, images of the forged Retail Installment Sale Contract, images of the filed police report with the Tallahassee Police Department, and an image of her signature as proof of the forgery.

29.    Plaintiff mailed her written dispute letter via USPS Certified Mail to Equifax (9589 0710 5270 1308 7472 98), Experian (9589 0710 5270 1308 7473 11), and Trans Union (9589 0710 5270 1308 7473 04).

30.    On or about November 27, 2023, Equifax responded to Plaintiff's detailed dispute letter by stating it required additional proof of identity because the information provided did not match her credit file.

31.    Despite providing Equifax with a copy of her driver's license and all the relevant information needed to prove the Chrysler Capital Account was

fraudulent and unauthorized, Equifax failed to do any independent investigation into Plaintiff's dispute and continued to report the inaccurate and fraudulent account.

32.    On or about November 30, 2023, Experian responded to Plaintiff's written dispute letter by only sending a copy of Plaintiff's Experian credit report and did not provide any dispute results. Upon review of the credit report, Plaintiff observed the Chrysler Capital Account continued to be reported with a status of charge off and a past due balance of $35,071.

33.    Despite providing Experian with all the relevant information needed to prove the Chrysler Capital Account was fraudulent and unauthorized, Experian continued to report the inaccurate account.

34.    Experian failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher.

35.    Experian never attempted to contact Plaintiff during the alleged investigation.

36.    Upon information and belief, Experian notified Chrysler Capital of Plaintiff's dispute. However, Chrysler Capital failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

37.    On or about November 30, 2023, Trans Union responded to Plaintiff's dispute letter by stating it was denying Plaintiff's identity theft block request because the law enforcement report "is not valid", and it required additional proof of identity. Trans Union was refusing to investigate and was merely creating more obstacles for Plaintiff.

38.    Despite providing Trans Union with a copy of her driver's license, a copy of the Tallahassee Police Department police report, and all the relevant information needed to prove the Chrysler Capital Account was fraudulent and unauthorized, Trans Union failed to do any independent investigation into Plaintiff's dispute and continued to report the inaccurate and fraudulent account.

39.    On or about December 28, 2023, Plaintiff again obtained copies of her credit reports. Upon review, Plaintiff observed personal identifying information and hard inquiries which did not belong to her continued to be reported. Further, the fraudulent and inaccurate Chrysler Capital Account continued to be reported with a status of charge off and a past due balance of $35,071.

40.    Due to the continued inaccurate reporting, on or about January 5, 2024, Plaintiff mailed another detailed written dispute letter to Equifax, Experian, and Trans Union disputing the fraudulent Chrysler Capital Account. In that letter, Plaintiff reiterated that the CRAs were reporting personal identifying information

and hard inquiries which did not belong to her. Further, Plaintiff again explained the Chrysler Capital Account did not belong to her and was the result of identity theft. In the letter, Plaintiff included a copy of her driver's license to confirm her identity. Plaintiff also included images of the erroneous reporting, images of the forged Retail Installment Sale Contract, images of the filed police report with the Tallahassee Police Department, images of Plaintiff's notarized Identity Theft Victim Report previously provided to Chrysler Capital, and an image of her signature as proof of the forgery.

41.     Plaintiff mailed her written dispute letter via USPS Certified Mail to Equifax (7022 3330 0001 2347 4979), Experian (7022 3330 0001 2347 4962), and Trans Union (7022 3330 0001 2347 4986).

42.     On or about January 13, 2024, Trans Union responded to Plaintiff's detailed written dispute letter by stating it was again denying Plaintiff's identity theft block request because it determined the request was either "(a) been made in error; (b) is a misrepresentation of material fact relevant to the request to block; and/or (c) you have obtained possession of good, services, or money as a result of the transaction issue." On that same day, Trans Union also sent Plaintiff a letter titled "Remedying the Effect of Identity Theft" and included a summary of rights for victims of identity theft.

43.     Despite providing Trans Union with a copy of her driver's license, a copy of the Tallahassee Police Department police report, a copy of her notarized Identity Theft Victim Report, and all the relevant information needed to prove the Chrysler Capital Account was fraudulent and unauthorized, Trans Union failed to do any independent investigation into Plaintiff's dispute and continued to report the inaccurate and fraudulent account.

44.     Upon information and belief, Trans Union failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher.

45.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

46.     Upon information and belief, Trans Union notified Chrysler Capital of Plaintiff's dispute. However, Chrysler Capital failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

47.     On or about January 14, 2024, Equifax responded to Plaintiff's detailed written dispute letter by sending a letter addressed to "Distiny Wilson" which stated it required additional proof of identity because the information provided did not match her credit file.

48.    Despite providing Equifax with a copy of her driver's license and all the relevant information needed to prove the Chrysler Capital Account was fraudulent and unauthorized, Equifax failed to do any independent investigation into Plaintiff's dispute and continued to report the inaccurate and fraudulent account.

49.    Upon information and belief, Equifax failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher.

50.    Equifax never attempted to contact Plaintiff during the alleged investigation.

51.    Upon information and belief, Equifax notified Chrysler Capital of Plaintiff's dispute. However, Chrysler Capital failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

52.    On or about January 25, 2024, Experian responded to Plaintiff's detailed dispute letter by stating the inaccurate spouse was removed from her credit file but that the fraudulent Chrysler Capital Account was verified and remained.

53.    Despite providing Experian with all the relevant information needed to prove the Chrysler Capital Account was fraudulent and unauthorized, Experian continued to report the inaccurate account.

54.    Experian failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher.

55.    Experian never attempted to contact Plaintiff during the alleged investigation.

56.    Upon information and belief, Experian notified Chrysler Capital of Plaintiff's dispute. However, Chrysler Capital failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

57.    On or about February 6, 2024, Plaintiff again obtained updated copies of her credit reports. Upon review, Plaintiff observed some of the incorrect personal identifying information and hard inquiries were removed. However, Plaintiff observed her Equifax credit report was addressed to "Distiny Wilson". Further, Plaintiff observed the inaccurate and fraudulent Chrysler Capital Account continued to be reported with a status of charge off and past due balance of $35,071.

58.    Despite Plaintiff's best efforts to have the fraudulent Chrysler Capital Account removed, the CRAs continued to report the fraudulent and unauthorized account to Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

59.     The CRAs have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of Chrysler Capital.

60.     Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

61.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.    Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.    Loss of time attempting to cure the error;

    iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life. Plaintiff is being physically affected by Defendants' reluctance to fix the error;

    iv.    Loss of the ability to benefit from lower interest rates; and

    v.    Apprehensiveness to apply for credit due to the fear of rejection.

## **CAUSES OF ACTION**

**<u>COUNT I</u>**
**Violations of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Negligent)**

62.     Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

63.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

64.     Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

65.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

66.     Equifax violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the police report from the Tallahassee

Police Department and Identity Theft Victim Report, which contained sworn testimony of the fraud.

67.     The conduct, action and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

68.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, DESTINY DOMINIQUE WILSON, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT II
**Violations of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Willful)**

69.     Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

70.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

71.    Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

72.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

73.    Equifax violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the police report from the Tallahassee Police Department and Identity Theft Victim Report, which contained sworn testimony of the fraud.

74.    The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

75.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, DESTINY DOMINIQUE WILSON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT III**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services LLC (Negligent)**

76.     Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

77.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

78.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Equifax refused to conduct any independent

investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

79.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

80.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

81.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, DESTINY DOMINIQUE WILSON, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT IV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

82. Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

83. After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

84. Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

85. As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

86.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

87.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, DESTINY DOMINIQUE WILSON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT V
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Equifax Information Services LLC (Negligent)

88.     Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

89.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

90.   Plaintiff provided to Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

91.   Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation or results to Plaintiff.

92.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

93.   The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

94.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE Plaintiff, DESTINY DOMINIQUE WILSON, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her

attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VI
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Equifax Information Services LLC (Willful)

95.     Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

96.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

97.     Plaintiff provided to Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

98.     Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation or results to Plaintiff.

99.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

100.   The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

101.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE Plaintiff, DESTINY DOMINIQUE WILSON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VII
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

102.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

103.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

104.   Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

105.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

106.   Experian violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the police report from the Tallahassee Police Department and Identity Theft Victim Report, which contained sworn testimony of the fraud.

107.   The conduct, action and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

108.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, DESTINY DOMINIQUE WILSON, respectfully requests that this Court award actual damages against Defendant, EXPERIAN

INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VIII
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

109.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

110.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

111.   Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

112.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

113.   Experian violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the police report from the Tallahassee Police Department and Identity Theft Victim Report, which contained sworn testimony of the fraud.

114.   The conduct, action and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

115.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, DESTINY DOMINIQUE WILSON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT IX
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

116.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

117.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

118.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

119.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

120.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

121.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, DESTINY DOMINIQUE WILSON, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT X
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

122.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

123.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

124.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Experian refused to conduct any independent

investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

125.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

126.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

127.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, DESTINY DOMINIQUE WILSON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XI
### Violation of 15 U.S.C. § 1681g as to

**Defendant, Experian Information Solutions, Inc. (Negligent)**

128.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

129.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

130.   Plaintiff provided to Experian appropriate and sufficient proofs of identity to allow Experian to create a high degree of confidence in knowing the identity of Plaintiff.

131.   Despite the sufficient proofs of identification produced by Plaintiff, Experian refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation or results to Plaintiff.

132.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

133.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

134. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE Plaintiff, DESTINY DOMINIQUE WILSON, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT XII
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Experian Information Solutions, Inc. (Willful)

135. Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

136. After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

137. Plaintiff provided to Experian appropriate and sufficient proofs of identity to allow Experian to create a high degree of confidence in knowing the identity of Plaintiff.

138. Despite the sufficient proofs of identification produced by Plaintiff, Experian refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation or results to Plaintiff.

139.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

140.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

141.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE Plaintiff, DESTINY DOMINIQUE WILSON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XIII
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

142.    Plaintiff re-alleges and reincorporates paragraphs one one (1) through sixty-one (61)  above as if fully stated herein.

143.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

144.    Upon information and belief, Trans Union prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

145.    As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

146.    Trans Union violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the police report from the Tallahassee Police Department and Identity Theft Victim Report, which contained sworn testimony of the fraud.

147.   The conduct, action and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

148.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, DESTINY DOMINIQUE WILSON, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XIV
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

149.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

150.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

151.   Upon information and belief, Trans Union prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

152.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

153.   Trans Union violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the police report from the Tallahassee Police Department and Identity Theft Victim Report, which contained sworn testimony of the fraud.

154.   The conduct, action and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

155.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, DESTINY DOMINIQUE WILSON, respectfully requests that this Court award actual or statutory damages and punitive damages

against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT XV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

156.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

157.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

158.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

159.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, by loss of the ability to

benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

160.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

161.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, DESTINY DOMINIQUE WILSON, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT XVI
**Violation of 15 U.S.C. § 1681i as to
Defendant, Trans Union LLC (Willful)**

162.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

163.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after

receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

164.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

165.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

166.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

167.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, DESTINY DOMINIQUE WILSON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT XVII
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Trans Union LLC (Negligent)

168.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

169.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

170.   Plaintiff provided to Trans Union appropriate and sufficient proofs of identity to allow Trans Union to create a high degree of confidence in knowing the identity of Plaintiff.

171.   Despite the sufficient proofs of identification produced by Plaintiff, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation or results to Plaintiff.

172.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, by loss of the ability to

40

benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

173.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

174.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE Plaintiff, DESTINY DOMINIQUE WILSON, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XVIII
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Trans Union LLC (Willful)

175.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

176.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

177.   Plaintiff provided to Trans Union appropriate and sufficient proofs of identity to allow Trans Union to create a high degree of confidence in knowing the identity of Plaintiff.

178.   Despite the sufficient proofs of identification produced by Plaintiff, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation or results to Plaintiff.

179.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

180.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

181.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE Plaintiff, DESTINY DOMINIQUE WILSON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her

attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XIX
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, Santander Consumer USA Inc. d/b/a Chrysler Capital (Negligent)

182.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

183.   Chrysler Capital furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

184.   After receiving Plaintiff's disputes, Chrysler Capital violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

185.   Plaintiff provided all the relevant information and documents necessary for Chrysler Capital to have identified that the account was fraudulent.

186.   Chrysler Capital did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible

party, including information provided to Chrysler Capital by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

187.   Chrysler Capital violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

188.   As a direct result of this conduct, action and/or inaction of Chrysler Capital, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

189.   The conduct, action, and inaction of Chrysler Capital was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

190.   Plaintiff is entitled to recover costs and attorney's fees from Chrysler Capital in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, DESTINY DOMINIQUE WILSON, respectfully requests that this Court award actual damages against Defendant, SANTANDER CONSUMER USA INC. d/b/a CHRYSLER CAPITAL, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XX
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, Santander Consumer USA Inc. d/b/a Chrysler Capital (Willful)

191.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

192.   Chrysler Capital furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

193.   After receiving Plaintiff's disputes, Chrysler Capital violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

194.   Plaintiff provided all the relevant information and documents necessary for Chrysler Capital to have identified that the account was fraudulent.

195.   Chrysler Capital did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Chrysler Capital by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

196.   Chrysler Capital violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

197.   As a direct result of this conduct, action and/or inaction of Chrysler Capital, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

198.   The conduct, action, and inaction of Chrysler Capital was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

199.   Plaintiff is entitled to recover costs and attorney's fees from Chrysler Capital in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, DESTINY DOMINIQUE WILSON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, SANTANDER CONSUMER USA INC. d/b/a CHRYSLER CAPITAL, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DESTINY DOMINIQUE WILSON, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC,

EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and

SANTANDER CONSUMER USA INC. d/b/a CHRYSLER CAPITAL, jointly and

severally; attorneys' fees and costs; prejudgment and post-judgment interest at the

judgment rate; and such other relief the Court deems just and proper.

DATED this 20th day of February 2024.

Respectfully Submitted,

**_/s/ Octavio Gomez, Esq._**
Octavio Gomez, Esq.
Florida Bar No.: 0338620
Georgia Bar No.: 617963
Pennsylvania Bar No.: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 813.299.8537
Facsimile: 844.951.3933
tav@TheConsumerLawyers.com
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*